IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BAYLEE HUNT,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; CONFEDERATED TRIBES OF THE GOSHUTE RESERVATION d/b/a SACRED CIRCLE HEALTHCARE; and KRISTI LAWRENCE, NP,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS, DISMISSING COMPLAINT, AND CLOSING CASE**<br><br>No. 2:25-cv-00896-RJS-CMR<br><br>District Judge Robert J. Shelby<br><br>Chief Magistrate Judge Cecilia M. Romero |

Plaintiff Baylee Hunt brought this suit against the United States of America, Confederated Tribes of the Goshute Reservation d/b/a Sacred Circle Healthcare, and Kristi Lawrence (collectively, Defendants) alleging two causes of action under the Federal Tort Claims Act (FTCA): (1) negligence/medical malpractice, and (2) failure to obtain informed consent.[1] For the reasons explained below, the Motion to Dismiss is GRANTED.

## PROCEDURAL HISTORY

Hunt filed a Complaint on October 8, 2025.[2] Chief Magistrate Judge Cecilia M. Romero was assigned as the presiding judge to the case on October 9, 2025,[3] and an Order to Propose Schedule was issued the following day.[4] The case remained idle for seven months.[5]

[1] Dkt. 2, *Complaint*.

[2] *Id.*

[3] *See Docket*.

[4] Dkt. 3, *Order to Propose Schedule*.

[5] *See generally Docket*.

On May 29, 2026, Defendant Kristi Lawrence filed a Motion to Dismiss for failure to serve Lawrence within 90 days of filing the Complaint.[6] Hunt failed to respond.[7] On June 1, 2026, the court provided notice to Hunt and Lawrence of the availability of judicial settlement conference.[8] After four additional months of inaction, the case was reassigned to this court on October 6, 2026.[9]

## LEGAL STANDARDS

"The Federal Rules of Civil Procedure give district courts 'broad discretion to manage their dockets' within reasonable limits."[10] Under Federal Rule of Civil Procedure 4, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time."[11] Under Rule 41, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."[12] A district court may also dismiss an action in this procedural

---

[6] *See* Dkt. 4, *Defendant's Motion to Dismiss Plaintiff's Complaint* (*Motion*).

[7] *See generally Docket*.

[8] Dkt. 5, *Docket Text Order*.

[9] Dkt. 7, *Docket Text Order*.

[10] *Bolongia v. Target Corp.*, No. 25-6205, 2026 WL 1894537, at *2 (10th Cir. July 1, 2026) (quoting *Proctor & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 849 (10th Cir. 2008)).

[11] Fed. R. Civ. P. 4(m).

[12] Fed. R. Civ. P. 41(b).

posture sua sponte.[13] Additionally, this District's Local Rules provide that "failure to respond timely to a motion may result in the court granting the motion without further notice."[14]

## ANALYSIS

Because the Motion is only applicable to claims against Lawrence,[15] the court considers Lawrence's Motion and Hunt's failure to serve any Defendant within 90 days of filing the complaint separately.

With respect to the claims against Lawrence, the Federal Rules compel the court to dismiss the action against Lawrence without prejudice because Hunt never served Lawrence with the Complaint.[16] With no opposition to the Motion, the Local Rules further support dismissal.[17]

As for the claims against the remaining Defendants, Hunt has not filed any proof of service.[18] This inaction amounts to a failure to comply with the Federal Rules—specifically Rule 4's service requirements—under Rule 41(b).[19] Accordingly, the court dismisses the action in its entirety.[20]

---

[13] *Davis v. Miller*, 571 F.3d 1058, 1060 (10th Cir. 2009) (quoting Fed. R. Civ. P. 41(b)) (citation modified); *see also Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir.2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to comply with the rules of civil procedure or court's orders."); *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1161 (10th Cir. 2007) ("Rule 41(b) specifically authorizes a district court to dismiss an action for failing to comply with any aspect of the Federal Rules of Civil Procedure.").

[14] DUCivR 7-1(f).

[15] Lawrence specifies she "takes no position regarding dismissal as to the United States of America and file [sic] this Motion solely on her own behalf." *Motion* ¶ 7.

[16] *See* Fed. R. Civ. P. 4(m).

[17] DUCivR 7-1(f).

[18] *See Complaint*; *see generally Docket.*

[19] *See* Fed. R. Civ. P. 41(b), 4(m).

[20] *See supra* n.13 (collecting cases supporting sua sponte dismissal).

**CONCLUSION**

For the reasons stated above, the Motion[21] is GRANTED and the court dismisses the action in its entirety. The Clerk of Court is directed to close the case.

SO ORDERED this 15th day of October 2026.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

[21] Dkt. 4.